UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROSHAUNDA JACKSON, ET AL

CIVIL ACTION

VERSUS

NUMBER 12-581-SDD-SCR

SYNGENTA CROP PROTECTION, LLC,
ET AL

## ORDER TO AMEND NOTICE OF REMOVAL

Defendant Syngenta Crop Protection, LLC removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship. In its Notice of Removal the defendant alleged the plaintiffs are citizens of Louisiana, "Syngenta was and continues to be a Delaware corporation with its principal place of business in North Carolina," and Monsanto Company is a Delaware company with its principal place of business in Missouri.[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2] Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is

---

[1] Record document number 1, ¶ 10. In the Notice of Removal, "Syngenta" refers to Syngenta Crop Protection, LLC. Defendant alleged that the remaining, nondiverse defendants were improperly joined to defeat diversity jurisdiction. *Id.*, ¶ 13.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3]  The state where a limited liability company is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332.  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendant Syngenta's jurisdictional allegations are not sufficient to establish diversity jurisdiction.  Syngenta alleged jurisdiction in its Notice of Removal as if it is a corporation.  However, its name indicates that it is not a corporation; rather, the "LLC" in its name indicates that it is a limited liability company.  If it is a limited liability company, it did not correctly allege its citizenship in accordance with § 1332 and *Harvey v. Grey Wolf Drilling Co.*

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are); *Mullins*, *supra*.

2

Therefore;

IT IS ORDERED that removing defendant Syngenta Crop Protection, LLC shall have 14 days to file an Amended Notice of Removal which clarifies its organizational form, and if it is a limited liability company properly alleges its citizenship.[5] Alternatively, the defendant may file an amended answer which does the same thing.

**Failure to comply with this order may result in the case being remanded without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, June 4, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] Neither the defendant's answer, record document number 4, nor its Rule 7.1, Fed.R.Civ.P., disclosure statement, record document number 5, provide the needed information.

3