UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROSHAUNDA JACKSON, ET AL

                                CIVIL ACTION

VERSUS

                                NUMBER 12-581-SDD-SCR

SYNGENTA CROP PROTECTION, LLC,
ET AL.


**NOTICE**

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 11, 2013.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROSHAUNDA JACKSON, ET AL

CIVIL ACTION

VERSUS

NUMBER 12-581-SDD-SCR

SYNGENTA CROP PROTECTION, LLC,
ET AL.


## MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiffs Roshaunda Jackson, individually and on behalf of her minor child Jackson Cayden Dukes, and Cornell Dukes.  Record document number 20.  The motion is opposed.[1]

For the reasons which follow, the plaintiffs' Motion to Remand should be denied.


### Background

Plaintiffs Roshaunda Jackson and Cornell Dukes filed a Petition for Damages, and a Supplemental and Amending Petition for Damages, in state court seeking damages for injuries to their then-unborn child resulting from exposure to chemicals at her workplace, specifically the herbicide Glyphosate Technical ("Glyphosate").

---

[1] Record document number 21, opposition memorandum by defendants Syngenta, Todd Bartow, Mark Graham and Melinda Sanford. Defendants Shaw Maintenance, Inc., sued as The Shaw Group, and Monsanto Company filed separate oppositions which both adopted Syngenta's arguments and included additional arguments.  Record document numbers 22 and 23, respectively.  Plaintiffs filed a reply.  Record document numbers 24 and 27.

Jackson was employed as a process engineer at Syngenta Crop Protection, LLC, and allegedly worked at times in an area of the facility where Glyphosate particles, which the parties call "dust," were not properly collected and remained in the air.  Plaintiffs alleged that Syngenta and certain of its employees failed to prevent her exposure to Glyphosate or warn her of the potential harm from being exposed to Glyphosate.  Plaintiffs alleged that exposure to the Glyphosate caused Jackson's child to be born with birth defects, including developmental and respiratory abnormalities.

Among the defendants, the plaintiffs included Louisiana residents Melinda Sanford and Mark Graham.[2]  Defendants Sanford and Graham were employed by Syngenta as the plant head nurse and a

---

[2] Plaintiffs also named Syngenta employee Todd Bartow, the head of its Health, Safety and Environmental department, Turner Industries, LLC, and the Shaw Group, Inc., as defendants.  On the plaintiffs' motion the claims against Turner were dismissed prior to filing this motion to remand.  Record document numbers 18 and 19.  Plaintiffs have admitted that they do not have a claim against Bartow, Turner or Shaw Group.  Record document numbers 24/27, reply memorandum, pp. 1-2. This means these defendants were improperly joined.  Thus, their alleged Louisiana citizenship is not relevant to determining whether the two remaining non-diverse defendants were improperly joined and the issue is not further addressed herein.
Defendant Syngenta is a limited liability company whose sole member is Syngenta Seeds, Inc.  The Amended Notice of Removal alleges that Syngenta Seeds is incorporated in Delaware and has its principal place of business in Minnesota.  Record document number 32, ¶ 10.  Defendant Monsanto is a Delaware company with its principal place of business in Missouri.  *Id.*  Plaintiffs do not contest these citizenship allegations.   Therefore, defendants Syngenta and Monsanto are the two diverse defendants.

staff industrial hygienist, respectively.  Plaintiff alleged that Sanford and Graham participated in an evaluation of her potential occupational chemical exposure after she disclosed to Syngenta that she was pregnant.

Defendant Syngenta removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the citizenship of the Louisiana defendants should be ignored because they were improperly joined.  Defendant asserted that the plaintiffs failed to allege sufficient facts to state a cause of action against the Louisiana defendants.  Specifically as to defendants Sanford and Graham, defendant Syngenta asserted that they did not breach any personal duty owed to plaintiff Jackson in connection with her alleged exposure to Glyphosate.[3]

Plaintiffs moved to remand, arguing that defendants Sanford and Graham were not improperly joined and the defendants cannot show that there is no possibility of establishing a cause of action against them.  In support of their argument, the plaintiffs asserted that defendants Sanford and Graham contributed to a Reproductive Health Hazard Evaluation which assessed the chemical and physical hazards to which Jackson and her unborn child would be exposed during her employment.  Plaintiffs asserted that defendants Sanford and Graham failed to address the dangers to her and her unborn child from exposure to Glyphosate.  Plaintiffs also argued

---

[3] Record document number 1, Notice of Removal, ¶¶ 17, 18.

that neither Sanford nor Graham involved a Syngenta occupational health physician in the evaluation, which violated a Syngenta procedure requiring a physician to contribute to the evaluation. Plaintiffs argued that defendants Sanford and Graham were personally assigned to perform Jackson's evaluation and that the negligent acts described above breached their personal responsibilities owed to the plaintiffs.

## Applicable Law

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that

4

there is no possibility of recovery by the plaintiff against the in-state defendant.  Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).  The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id*.  In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

**Individual Officer Liability**

The state law governing the court's analysis of the improper joinder issue in this case is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons.  This law is explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). In *Canter* the court adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising solely because of the employment relationship:

1. The principal or employer owes a duty of care to the

third person ... breach of which has caused the damage
for which recovery is sought.

2. This duty is delegated by the principal or employer to
the defendant.

3. The defendant officer, agent, or employee has breached
this duty through personal (as contrasted with technical
or vicarious) fault.   The breach occurs when the
defendant has failed to discharge the obligation with the
degree of care required by ordinary prudence under the
same or similar circumstances--whether such failure be
due to malfeasance, misfeasance, or nonfeasance,
including when the failure results from not acting upon
actual knowledge of the risk to others as well as from a
lack of ordinary care in discovering and avoiding such
risk of harm which has resulted from the breach of the
duty.

4. With regard to the personal (as contrasted with the
technical or vicarious) fault, personal liability cannot
be imposed upon the officer, agent, or employee simply
because of his general administrative responsibility for
performance of some function of the employment.  He must
have a personal duty towards the injured plaintiff,
breach of which specifically has caused the plaintiff's
damages.  If the defendant's general responsibility has
been delegated with due care to some responsible
subordinate or subordinates, he is not himself personally
at fault and liable for the negligent performance of this
responsibility unless he personally knows or personally
should know of its non-performance or mal-performance and
has nevertheless failed to cure the risk of harm.

*Id*. at 721; *Guillory v. PPG Industries, Inc*., 434 F.3d 303, 312

(2005).

## Analysis

### Louisiana Defendants Sanford and Graham were improperly joined

A review of the allegations in the plaintiffs' Supplemental

and Amending Petition for Damages, and the record at the time of

removal, demonstrates that the plaintiffs have not alleged a valid

claim against either defendant Sanford or Graham.

Plaintiffs alleged that these defendants failed to use reasonable care to properly protect female employees from hazardous chemicals during pregnancy, and failed to warn of the potential impact that exposure to Glyphosate would have on their reproductive health.[4]  Although Sanford and Graham participated in/conducted Jackson's evaluation, performance of this duty was a general responsibility of their employment and does not alone create a personal duty owed to the Jackson.  The application of the alleged Syngenta evaluation protocol was a general administrative responsibility owed to any Syngenta employee who was evaluated; it did not create a personal duty to Jackson arising from some relationship with Sanford or Graham which was unique to her.

With respect to the plaintiffs' failure to warn claim, under Louisiana law  personal fault can only be established upon showing that defendants Sanford and Graham knew or should have known of both (1) Jackson's exposure to Glyphosate and (2) the potential harm the chemical could cause to her or her unborn child.  However, the plaintiffs have failed to provide any substantive facts to demonstrate that either defendant had actual knowledge of any

---

[4] For the purpose of this Magistrate Judge's report, it will be assumed that plaintiff Jackson was exposed to Glyphosate dust at the Syngenta facility on at least one occasion while she was pregnant.  See record document number 1-6, Notice of Removal, Exhibit D, affidavit of  Jude Olivier; record document number 20-5, Exhibit 3, excerpts from deposition Jude Oliver, pp. 29-33, 60.

potential harm from exposure to Glyphosate.   In fact, the plaintiffs alleged in their original petition that the Material Safety Data Sheet ("MSDS") for Glyphosate was updated in May 2011 by defendant Monsanto and revealed that the chemical had teratogenic properties and could cause birth defects.[5]   This allegation demonstrates that neither Sanford nor Graham could have had any knowledge, based on their employment with defendant Syngenta, of the harmful effect from exposure to Glyphosate at the time of plaintiff Jackson's evaluation in February 2009.[6]   Absent actual or constructive knowledge of the alleged harmful nature of Glyphosate at the time of plaintiff Jackson's evaluation, neither defendant had a personal duty to warn her of its potential dangers.

Because the defendants have shown that neither defendant Sanford or Graham owed a personal duty to plaintiff Jackson, under *Canter* these defendants cannot be held individually liable for the alleged injuries to the plaintiffs' or their child.

Relying on *Smallwood*, the plaintiffs argued that there is no improper joinder here because Syngenta's improper joinder argument

---

[5] Record document number 1-3, Exhibit A, Petition for Damages, ¶ 7.

[6] Plaintiffs did not allege, and have not come forward with any facts to show, that in February 2009 either defendant Sanford or Graham had any other source of reliable information which would have informed them of potential harm to plaintiff Jackson or her unborn child from exposure to Glyphosate.

applies equally to the other defendants.[7]  Plaintiffs are wrong. Defendants Sanford and Graham were improperly joined because they owed no personal duty under *Canter* to plaintiff Jackson.   The applicability of this no-personal-duty defense does not compel the same result for diverse defendant Monsanto.[8]    Rather, the plaintiff's defective product claim against defendant Monsanto fails at the first analytical step:   plaintiffs concede that defendant Monsanto's product was not involved in plaintiff Jackson's alleged Glyphosate exposure because its product was in the form of a wet cake which created no dust.[9]

## Conclusion

Defendants have shown by a preponderance of the evidence that there is no reasonable basis for this court to predict that the plaintiffs might be able to recover against defendants Sanford or Graham in their individual capacity under Louisiana law.   Because defendants Sanford and Graham were improperly joined their citizenship is disregarded.   Plaintiffs conceded that the other

---

[7] Record document number  27, pp. 2-3.

[8] For the purpose of the Magistrate Judge's Report, it will be assumed that the no-duty defense is equally dispositive of the plaintiffs' claims against defendant Syngenta.

[9] Record document number 27, p. 2 and n. 2. Although the plaintiffs stated in their reply memorandum that they intend to dismiss defendant Monsanto, *id.* at 2, they have not done so.  Even if they had done so, the result would not be different.  The court would apply the no-personal-duty defense to the claims as pled when the case was removed.

non-diverse defendants were improperly joined. Consequently, because there is complete diversity of citizenship between the plaintiffs and remaining defendants Syngenta and Monsanto, the court has diversity jurisdiction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Roshaunda Jackson, individually and on behalf of her minor child Jackson Cayden Dukes, and Cornell Dukes be denied.

Baton Rouge, Louisiana, June 11, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE