UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROSHAUNDA JACKSON, ET AL

v.

SYNGENTA CROP PROTECTION, LLC,
ET AL

CIVIL ACTION

NUMBER 12-581-SDD-SCR

**RULING ON MOTION FOR ENTRY OF A *LONE PINE* ORDER**

Before the court is the Motion for Entry of a *Lone Pine* Order filed by defendants Syngenta Crop Protection, LLC, Melinda Sanford and Mark Graham. Record document number 43. The motion is opposed.[1]

The background for this motion is fairly set out in the defendants' supporting memorandum and will not be repeated here. Defendants sought entry of a *Lone Pine* order[2] as a way of obtaining the basic information supporting the plaintiffs alleged claims of injuries and damages to their child caused by plaintiff Roshaunda Jackson's exposure to Glyphosate when she was pregnant. Defendants

---

[1] Record document number 51. Defendants filed a reply memorandum. Record document number 55.

[2] A *Lone Pine* order derives its name from the case of *Lore v. Lone Pine Corp.*, 1986 WL 637507, (N.J.Super.L. 1986). It is unnecessary to repeat in this ruling the development and application of *Lone Pine* orders. As a discovery device in mass tort actions, a *Lone Pine* order should result in the prompt development of relevant information about each individual plaintiff's exposure, injury, and damage.

asserted that their review of voluminous medical records provided by the plaintiffs revealed nothing regarding any Glyphosate exposure. These records, defendants further contend, contain nothing linking any of the child's alleged medical problems to Roshaunda Jackson's alleged Glyphosate exposure. In their opposition memorandum the plaintiffs did not dispute the defendants' representation that the child's medical records provide no connection between the child's alleged medical problems and Glyphosate exposure.

The *Lone Pine* order requested by the defendants would require the plaintiffs to submit evidence, in the form of an affidavit from a suitably qualified expert as to: (1) the amount and duration (dose) of Glyphosate to which the plaintiffs' then unborn child was exposed and on what occasions; and (2) what particular injuries, illnesses and conditions allegedly affecting their child are linked to Glyphosate exposure, and at what dose level; (3) what differential diagnosis was done that supports an opinion that the child's alleged particular injuries, illnesses and conditions did not have some etiology other than Glyphosate exposure; and (4) what medical or scientific evidence supports the opinion that the dose of Glyphosate received by the plaintiff's then unborn child caused his particular injuries, illnesses and conditions.

Defendants argued further that, Rule 11, Fed.R.Civ.P.,

2

required the plaintiffs to already have the information sought through a *Lone Pine* when their suit was filed.

Plaintiffs argued that a *Lone Pine* order is appropriate only in cases involving complex litigation and numerous plaintiffs. Plaintiffs further argued that the *Lone Pine* order sought by the defendants is overbroad for this case.

*Lone Pine* order burden-shifting is appropriate in exceptional circumstances where the defendant can established that it would be unduly burdensome to conduct discovery using the standard discovery methods provided by the Federal Rules of Civil Procedure. This case is not a complex mass tort case. Defendants failed to establish that this case will likely impose the kinds of burdens on the defendants and the court that the *Lone Pine* order was designed to address.[3]

The number of plaintiffs - two, with just their child as the focus of the case - is simply too low to require the plaintiffs to provide *prima facie* proof to support their claims pursuant to a *Lone Pine* order.[4] Propounding discovery requests focused on

---

[3] *Acuna v. Brown & Root,* 200 F.3d 335, 340 (5th Cir. 2000). (case involved litigation which included approximately 1,600 plaintiffs). The court also recognized that in the federal courts, such orders are within the wide discretion afforded district judges over the management of discovery under Rule 16, Fed.R.Civ.P.

[4] In two earlier cases, one involving more complex factual issues and another with many more plaintiffs, this court denied
(continued...)

3

general and specific causation on two plaintiffs represented by the same attorney does not result in the same type of management problems which have been alleviated through the issuance of a *Lone Pine* order in the past.

Additionally, since some medical discovery has already been done, the defendants may move for summary judgment on the issue of general causation and/or specific causation earlier than they might otherwise. This would likely require the plaintiffs to produce the same kind of evidence as would be produced pursuant to a *Lone Pine* order.

Defendants' Rule 11 argument is unpersuasive. While it is reasonable to conclude that the information sought by the defendants is information the plaintiffs should have had before they filed their suit, Rule 11 did not apply in the state court where the plaintiffs filed their suit. The rule applies now that the case is in federal court.

Accordingly, the defendants' Motion for Entry of a *Lone Pine* Order is denied. After the time to object to this ruling, as provided by Rule 72(a), Fed.R.Civ.P., has expired, if no objection is timely filed a status conference will be held for the purpose of

---

[4](...continued)
motions for entry of a *Lone Pine* order. *Dickson v. Honeywell International, Inc.*, CV 05-1349-JJB-SCR, record document number 21; *Frazier v. Pioneer Americas, L.L.C.*, CV 05-1338-JJB-SCR, record document number 53, Ruling on Appeal, record document number 59.

4

entering a scheduling order.

Baton Rouge, Louisiana, August 7, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5